J-S37025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMAL LOUIS PAGE, | |
| Appellant | No. 1501 WDA 2015 |

Appeal from the Judgment of Sentence September 2, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000116-2015

BEFORE: GANTMAN, P.J., SHOGAN and LAZARUS, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 03, 2016**

Appellant, Jamal Louis Page, appeals from the judgment of sentence entered on September 2, 2015, in the Erie County Court of Common Pleas. Appellate counsel has filed a petition seeking to withdraw her representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Following a one-day jury trial, Appellant was convicted of one count of possession of a firearm by a prohibited person. Appellant was sentenced on September 2, 2015, to a period of thirty-six to seventy-two months of

incarceration. Order, 9/2/15; N.T., 9/2/15, at 11-12. Appellant was credited six days of incarceration. N.T., 9/2/15, at 12.

On September 9, 2015, Appellant filed a post-sentence motion for reconsideration of his sentence. By order entered September 16, 2015, the trial court denied Appellant's post-sentence motion. Appellant filed a timely notice of appeal on September 29, 2015. Also on that date, counsel filed a statement of intent to file an *Anders* brief and withdraw as counsel pursuant to Pa.R.A.P. 1925(c)(4). In response to counsel's statement, the trial court issued an opinion stating that, based on counsel's statement of intent to file an *Anders* brief, the court had no issues to address as none had been raised. Trial Court Opinion, 10/1/15.

On November 2, 2015, Attorney Nicole Sloane, who had perfected Appellant's appeal in this matter, filed a petition to withdraw as counsel because Assistant Public Defender Emily Mosco Merski had entered her appearance on Appellant's behalf. On November 6, 2015, this Court issued an order granting Attorney Sloane's request to withdraw as counsel, noting that Attorney Merski had entered her appearance on Appellant's behalf. Order, 1501 WDA 2015, 11/6/15. Attorney Merski subsequently filed her *Anders* brief and petition to withdraw on February 2, 2016.

Before we address the issue that Appellant's counsel raised on appeal, we must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are

procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within her petition to withdraw, counsel averred that she conducted a conscientious examination of the record, including all available transcripts, pleadings, and other materials. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the ***Anders*** brief and the petition to withdraw, as well as a letter advising Appellant that he could represent himself or that he could retain private counsel to represent him. A copy of that letter was attached to counsel's petition to withdraw.

We now examine whether the brief satisfies the Supreme Court's dictates in ***Santiago***, which provide that:

> in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for

concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (*quoting* **Santiago**, 978 A.2d at 361).

We are satisfied that counsel has met the requirements set forth in **Santiago**. Counsel's brief sets forth the factual and procedural history of this case, cites to the record, and refers to an issue that counsel arguably believes supports the appeal. **Anders** Brief at 4-8. Further, the brief includes counsel's conclusion that the appeal is frivolous, and it contains pertinent case authority and counsel's reasons for concluding that the appeal is frivolous. **Id.** at 7-8. Accordingly, we address the following issue raised in the **Anders** brief:

Whether the appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

**Anders** Brief at 3.

In the argument portion of the **Anders** brief, counsel asserts that the trial court abused its discretion in sentencing Appellant to a lengthy term of incarceration given the mitigating factors of this case. **Anders** Brief at 6. Specifically, counsel claims that during Appellant's sentencing hearing, a letter from Dr. Hogue of Northshore Neurosciences was presented. **Id.** at 6. The letter contained the professional opinion of Dr. Hogue who offered a medical explanation for Appellant's behavior. **Id.** at 6. Furthermore, Appellant apologized to the court, to his family and the victims, and took

- 4 -

responsibility for his actions. *Id.* at 7. Thus, counsel is purporting to present a challenge to the discretionary aspects of Appellant's sentence.

We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the

Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, the first three requirements of the four-part test are met: Appellant filed a timely appeal, raised the challenges in a post-sentence motion, and included in his *Anders* brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

In his Pa.R.A.P. 2119(f) statement, Appellant asserts that he was sentenced to serve thirty-six to seventy-two months of incarceration. *Anders* Brief at 5. Appellant contends that with an offense gravity score of ten and a prior record score of four, the standard minimum range for possession of firearm by a prohibited person is thirty-six to forty-eight months of incarceration. *Id.* at 4. Appellant acknowledges that his sentence is within the standard sentencing range. *Id.* at 5. Appellant argues, however that the sentence violates the sentencing code because, despite the court sentencing him within the guidelines, the case involves circumstances where application of the guidelines was unreasonable. *Id.* at 5. Appellant avers that the sentencing court is required to consider factors outlined in 42 Pa.C.S. § 9721(b) and failed to do so here. *Id.* at 5.

"[T]his Court has held that an excessive sentence claim-in conjunction with an assertion that the court failed to consider mitigating factors-raises a substantial question." **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted). Because Appellant has presented a substantial question, we proceed with our analysis.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006). In this context, an abuse of discretion is not shown merely by an error in judgment. **Id.** Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. **Id.**

Furthermore, the "[s]entencing court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime." **Commonwealth v. Boyer**, 856 A.2d 149, 153 (Pa. Super. 2004) (*quoting* **Commonwealth v. Moore**, 617 A.2d 8, 12 (1992)). Discretion is limited, however, by 42 Pa.C.S.§ 9721(b), which provides that a sentencing court must formulate a sentence individualized to that particular case and that particular defendant. **Id.**

Section 9721(b) provides: "[t]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense, as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant ..." **Boyer**, 856 A.2d at 153 (citing 42 Pa.C.S.A. § 9721(b)). Furthermore,

> [i]n imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigative report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

**Boyer**, 856 A.2d at 154. Additionally, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Moury**, 992 A.2d at 171.

Instantly, Appellant's sentence falls within the strictures of our sentencing guidelines. The conviction carried an offense gravity score of ten, and Appellant had a prior record score of four. As such, the standard guideline sentence for that offense was forty-eight to sixty months of incarceration, plus or minus twelve months for aggravating or mitigating circumstances. 204 Pa.Code 303.16(a). Accordingly, Appellant's sentence of thirty-six to seventy-two months was in the mitigated range of the

sentencing guidelines.  He, therefore, must demonstrate that the application of those guidelines would be clearly unreasonable.  42 Pa.C.S. § 9781(c)(2).

As noted, Appellant submits that the sentencing court abused its discretion in sentencing him to such a lengthy period of incarceration given the mitigating factors of his case.  To this end, Appellant argues that the sentencing court disregarded evidence regarding a medical explanation for Appellant's behavior, the fact that Appellant apologized to the court, to his family and victims, and took responsibility for his actions.  Appellant's Brief at 6-7.

The sentencing court's statements prior to imposing sentence belie Appellant's allegation that the court failed to consider this information. Despite Appellant's assertions to the contrary, the sentencing court was aware of his background.  The court heard testimony from Appellant's father and from Appellant himself.  N.T., 9/2/15, at 7-9.  Additionally, the court had the benefit of a presentence investigation report and considered all of the mitigating information contained therein.  *Id.* at 10.  In sentencing Appellant, the trial court presented the following explanation:

> All right.  The [c]ourt has considered the Pennsylvania Sentencing Code, the presentence report, and the Pennsylvania guidelines on sentencing.  The [c]ourt has also considered the statements of counsel, [Appellant], and the attorney for the Commonwealth.
>
> The [c]ourt has considered [Appellant's] age, background, character, and rehabilitative needs, the nature, circumstances, and seriousness of the offense and the protection of the community.

* * *

The [c]ourt will order the following sentence, and I'll give [Appellant] every consideration by giving a sentence from the low end of the mitigated range of the sentencing guidelines. He is ordered to pay the costs of prosecution. No fine will be imposed. He will be ordered incarcerated, a minimum period of which will be 36 months, a maximum of which will be 72 months. [Appellant] will receive credit for time served in the amount of six days.

N.T., 9/2/15, at 10-12.

The court imposed a low-end mitigated range sentence as a result of Appellant's conviction. The gist of Appellant's argument is not that the court failed to consider the pertinent sentencing factors, but rather that the court weighed those factors in a manner inconsistent with his wishes. Accordingly, we conclude that the record supports the sentencing court's reasoning and that its decision conforms to the applicable law. The sentence imposed was at the low end of the mitigated range of the sentencing guidelines, and the record reflects that the court carefully considered all of the evidence presented at the sentencing hearing. As such, we discern no abuse of discretion, nor can we conclude that the sentencing court arrived at a manifestly unreasonable decision. **Boyer**, 856 A.2d at 153.

Finally, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. **Commonwealth v. Harden**, 103 A.3d 107, 111 (Pa. Super. 2014). Having

concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw and affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/3/2016